IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM MORTON, # 0068420    *
Plaintiff,                   *
                             *
v                            *    Civil Action No. JKB-13-3432
                             *
WARDEN,                      *
Defendant.                   *
                           ***

# MEMORANDUM

William Morton has filed a complaint under 42 U.S.C. §1983 and a Motion to Proceed in Forma Pauperis. Morton's financial affidavit shows he is indigent. Therefore, the Motion to Proceed in Forma Pauperis will be granted.

## I. BACKGROUND

Morton, a detainee at the Baltimore City Detention Center since July 6, 2013, complains that he is in a medical housing unit where the conditions are "not up to living standards" and his cell is unsuitable for "people with medical issues."[1] ECF No. 1. His complaints include lack of proper sanitation, bug infestation, lack of running water and adequate showers, cold food, inadequate mattresses and beds, and dust. He avers his administrative remedy procedure complaints and inquiries to the maintenance department go unanswered. Morton alleges that the top of his foot was cut by a piece of metal sticking up in the shower when his shower shoe came off and dust affects his breathing. As redress, he seeks $1 billion dollars and transfer to more suitable housing.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court is required to screen initial filings, *see Eriline Company v. Johnson*, 440 F.3d 648, 656-657 (4th

---

[1] Plaintiff does not state for what condition he is housed in the medical unit.

Cir. 2006), and "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)). While this court is mindful that the pleadings of pro se litigants are liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), factual allegations in a complaint must contain "more than labels and conclusions," and the action may be dismissed if the allegations do not provide "enough to raise a right to relief above a speculative level." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).

### III. DISCUSSION

Plaintiff is a pretrial detainee and his claims are evaluated under the Fourteenth Amendment rather than the Eighth Amendment, which is used to evaluate conditions of confinement for those convicted of crimes. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983). Unlike convicted inmates, pretrial detainees have not been adjudicated guilty of a crime and may not be subjected to any form of "punishment." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir.1988). To establish that a condition or restriction of confinement is constitutionally impermissible "punishment," a pretrial detainee must show "either that it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate nonpunitive governmental objective, in which case an intent to punish may be inferred." *Id.* (citing *Bell v. Wolfish*, 441 U.S. 520, 538–40 (1979)).

Prison officials act with the requisite culpable intent when they act with deliberate indifference to inmate suffering. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The test for whether a prison official acts with deliberate indifference is subjective: the official must "know of and disregard an excessive risk to inmate health and safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,

2

and he must also draw the inference." *Id.* (quoting *Farmer*, 511 U.S. at 837); *see also Parrish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury). "The due process rights of a pretrial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner ...." *Martin*, 849 F.2d at 870.

In this case, Morton claims he has sustained two injuries as a result of the conditions he alleges. He asserts that he sustained a cut on his foot and his breathing has been affected by dust. Morton does not describe the severity of his alleged injuries, whether he received requested treatment, or whether defendant was made aware of or could infer that Morton was at substantial risk of serious harm. This is not to suggest that the injuries claimed cannot or do not amount to serious medical needs. However, the allegations, as presented here, fail to show defendant acted with requisite culpable intent and deliberate indifference to plaintiff's serious medical needs so as to amount to a claim of constitutional magnitude. Mindful that Morton is a self-represented litigant, the court will dismiss this case without prejudice.[2]

## IV. CONCLUSION

For these reasons, the court will dismiss this case without prejudice. A separate Order follows.

Jan. 8, 2014
Date

James K. Bredar
United States District Judge

---

[2] If Morton decides to pursue his claims, he must explain the nature and severity of the injuries he has sustained and why he believes the injuries were caused by specific conditions of his confinement. He should also explain why he believes defendant knew of and disregarded an excessive risk to his health and safety.

3